IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

DAVID K. SMITH,

    *Defendant.*

Case No. 23-10049-1-EFM

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Defendant David K. Smith's Motion to Correct or Clarify Sentence (Doc. 76). For the reasons stated below, the Court denies Defendant's motion.

On October 30, 2023, Defendant pleaded guilty to two counts of use of a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b). On January 17, 2024, the Court sentenced Defendant to 96 months' imprisonment. On October 14, 2025, the Court received this Motion.

In Defendant's Motion, he states that the Bureau of Prisons ("BOP") has informed him that he is ineligible for First Step Act ("FSA") time credits, which he believes is erroneous because he did not plead guilty to a firearm offense. Defendant requests that the Court (1) clarify that he only has two convictions under 21 U.S.C. § 843(b) and that no firearm conviction was imposed; (2) direct the BOP to correct its records to reflect Defendant's eligibility for FSA credits; or, in the

alternative, (3) correct any clerical error under Fed. R. Crim. P. 36, or review his motion under 28 U.S.C. § 2255 if the Court finds that a substantive error exists in the sentence computation or classification. Defendant also asserts that the use of his juvenile record to assign criminal history points was improper.

The Court first notes that Defendant's record reflects that he pleaded guilty to two counts under 21 U.S.C. § 843(b). Next, the Court does not have jurisdiction to direct the BOP to modify Defendant's eligibility for FSA credits. Although the FSA authorizes the BOP to grant eligible prisoners time credits toward their sentence,[1] "[c]alculation of time credits lies within the discretion of the BOP."[2] Thus, it is within the BOP's discretion how to award Defendant FSA time credits.

In addition, because Defendant "is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in [Defendant's] criminal case."[3] "A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him."[4] Defendant is currently incarcerated at the Federal Correctional Institute in Berlin, New Hampshire, in the District of New Hampshire. Thus, to the extent Defendant can seek relief, he must do so in the District of New Hampshire.

---

[1] 18 U.S.C. §§ 3632(d)(4)(A)–(E); 3624(g); *see also Hessiani v. Warden*, 2025 WL 1587213, at *1 (W.D. La. May 14, 2025).

[2] *Hessiani*, 2025 WL 1587213, at *1 (citing 18 U.S.C. § 3624(b)).

[3] *United States v. Morgan*, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) (citations omitted).

[4] *Id.* (citations omitted).

Finally, to the extent Defendant asserts that his sentence should be modified to reflect his youth at the time of sentencing, his argument is without merit. Generally, a court does not have the inherent authority to modify a sentence.[5] This rule is, of course, subject to certain exceptions that are not applicable here.[6] In addition, Defendant first requested the 96-month imprisonment in his plea agreement. He did not object to his criminal history at the time of sentencing. And he is out of time to substantively challenge his sentence under 28 U.S.C. § 2255.[7] Accordingly, any challenge to his sentence based on his youthfulness is without merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Correct or Clarify Sentence (Doc. 76) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020).

[6] *See id.* (setting forth the limited circumstances).

[7] Generally, a defendant has one year from the date on which the judgment of conviction is final to file a post-conviction motion under § 2255. *See* 28 U.S.C. § 2255(f)(1). Defendant's conviction became final on February 1, 2024, and he did not file this motion until October 2025.
In addition, to the extent Defendant attempts to proceed under Fed. R. Crim. P. 36, he also cannot do so. Federal Rule of Criminal Procedure 36 allows the Court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 applies to "clerical-type errors . . . but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (citations omitted). Defendant identifies no such clerical errors. Thus, this rule is inapplicable.